**Julio Alberto CORDERO–ORTIZ, Petitioner,**

v.

**Eric H. HOLDER, Jr., Attorney General, Respondent.**

No. 08–71304.

United States Court of Appeals, Ninth Circuit.

Submitted Aug. 11, 2011.*

Filed Aug. 16, 2011.

Julio Alberto Cordero–Ortiz, Los Angeles, CA, pro se.

OIL, Kate Deboer Balaban, Esquire, Trial, Susan Houser, Carl Henry McIn-

---

* The panel unanimously concludes this case is suitable for decision without oral argument.

*See* Fed. R.App. P. 34(a)(2).

tyre, Jr., Assistant Director, DOJ–U.S. Department of Justice, Washington, DC, CAC–District Counsel, Esquire, Ronald E. Lefevre, Office of the District Counsel Department of Homeland Security, Los Angeles, CA, for Respondent.

Before: THOMAS, SILVERMAN, and CLIFTON, Circuit Judges.

## MEMORANDUM [**]

Julio Alberto Cordero–Ortiz, a native and citizen of El Salvador, petitions pro se for review of the Board of Immigration Appeals' ("BIA") order dismissing his appeal from an immigration judge's decision denying his application for asylum, withholding of removal, and protection under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence factual findings, *Zehatye v. Gonzales*, 453 F.3d 1182, 1184–85 (9th Cir. 2006), and we deny the petition for review.

Substantial evidence supports the agency's determination that Cordero–Ortiz did not suffer past persecution because the unfulfilled threats from unknown individuals do not rise to the level of persecution. *See Hoxha v. Ashcroft*, 319 F.3d 1179, 1182 (9th Cir.2003) (unfulfilled threats and an incident of physical violence did not establish past persecution). Substantial evidence also supports the agency's determination that Cordero–Ortiz failed to establish a well-founded fear of future persecution. *See Khourassany v. INS*, 208 F.3d 1096, 1101 (9th Cir.2000) (the continued presence of similarly situated, unharmed family members undermines

future fear). Accordingly, his asylum claim fails.

Because Cordero–Ortiz failed to establish eligibility for asylum, he necessarily cannot meet the more stringent standard for withholding of removal. *See Zehatye*, 453 F.3d at 1190.

Finally, substantial evidence supports the agency's denial of CAT relief because Cordero–Ortiz failed to establish it is more likely than not he will be tortured upon return to El Salvador. *See Wakkary v. Holder*, 558 F.3d 1049, 1067–68 (9th Cir. 2009).

**PETITION FOR REVIEW DENIED.**

---

[**] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

[*] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).